In re Wehunt

---

IN THE MATTER OF ANTHONY WAYNE WEHUNT

No. 7418DC492

(Filed 18 September 1974)

Infants § 9— custody of child — evidence insufficient to show mother unfit
     The evidence did not amount to convincing proof that the mother was unfit to have custody of her child and was insufficient to support an award of custody to the maternal grandmother.

APPEAL by respondent from *Gentry, District Court Judge,* 6 February 1974 Session of GUILFORD County, District Court Division.

---

---

The petitioner brought this action to have the infant, Anthony Wehunt, declared a neglected and dependent child within the meaning of G.S. 7A-286. Petitioner is the maternal grandmother of the child. The trial court found that the grandmother had supported the child since birth, that the child was born out of wedlock, that the grandmother objected to the mother's dating married men, and that the mother left the home of the grandmother after a dispute and took the child. Later the mother temporarily returned the child to the grandmother until she could find a place to stay. When the mother returned the child, he was sick and had a temperature of 101 degrees. Whereupon, the grandmother took him to a doctor. The mother went to the home of the Purgasons to live without informing the grandmother and made arrangements for her and the child to live there. The court entered an order awarding custody of the child to the maternal grandmother until the mother could show herself fit for custody.

*No counsel for petitioner appellee.*

*David B. Smith, attorney for respondent appellant.*

MARTIN, Judge.

In *Thomas v. Pickard,* 18 N.C. App. 1, 4, 195 S.E. 2d 339 (1973) this Court through Brock, Chief Judge, said, "A court should not take a child from the custody of its parents and place it in the hands of a third person except upon convincing proof that the parent is an unfit person to have custody of the child or for some other extraordinary fact or circumstance." In *Thomas, supra,* this Court reversed an order allowing a maternal grandmother to have temporary custody of a child in derogation of the father's rights. See also 3 Lee, N. C. Family Law, Custody of Children, § 224, page 25.

The evidence in this case does not amount to convincing proof that the mother is unfit. Mrs. Cook, a neighbor of the grandmother, testified that at the time the daughter left the grandmother's house, she did not notice anything unusual about the child. A doctor's letter was introduced into evidence stating that the child had chest congestion but was not seriously sick. The Purgasons testified concerning arrangements by which the mother and child were to stay with them. Also it appears from the evidence that the mother had found employment. Margo Sheppard, a social worker, recommended that the mother have

custody of the child and testified that the Purgasons' home was clean and adequate.

While we are sure the grandmother would provide the care and attention that this child needs, the evidence is not sufficient to support a finding that the mother is unfit to have custody of her child.

The order appealed from is reversed and the case is remanded.

Reversed and remanded.

Chief Judge BROCK and Judge MORRIS concur.