IN THE MATTER OF JEFFERY D. KOWALZEK

No. 7711DC1027

(Filed 1 August 1978)

**1. Parent and Child § 6— child custody—right of natural parent**

The natural parent is presumed to be the appropriate custodian of his or her child as opposed to third persons and should not be deprived of custody merely because the child could be better cared for in a material sense by others.

**2. Parent and Child § 6.3— child custody—natural parent—award to third party**

The trial judge is not required to find a natural parent unfit for custody as a prerequisite to awarding custody to a third person, since a natural parent may be a fit and proper person to care for the child while all other circumstances dictate that the best interests of the child would be served by placing custody in a third party.

**3. Parent and Child § 6.3; Infants § 6.3— award of custody to natural parent—insufficient findings**

The trial court's findings failed to support its conclusion that the natural mother was a fit and proper person to have custody of her child and that it would be in the best interest of the child that his permanent custody be placed eventually with his natural mother where the court failed to make findings as to the circumstances surrounding the mother's separation from the child's father and her leaving of the child with the father in North Carolina when she returned to Minnesota prior to the father's death, her failure to make any effort to learn the whereabouts of the child for over five months after the father's death although she had been notified of the death, and the mother's living quarters, employment, earnings and other circumstances in Minnesota.

APPEAL by Elizabeth Y. Kowalzek, petitioner, and Salvador C. Liendo and Frankie B. Liendo, respondents, from *Lyon, Judge.* Order entered 26 July 1977 in District Court, LEE County. Heard in the Court of Appeals 30 June 1978.

This is a proceeding for custody of Jeffery David Kowalzek originally instituted by the petitioner. The following facts are uncontroverted:

Prior to December, 1974, the petitioner lived with her husband, James Kowalzek, and their infant son, Jeffery, in Sanford, North Carolina. On 1 December 1974 the petitioner left her husband and returned to her former home in Little Falls, Minnesota. Jeffery remained with his father. On 28 February 1975 James Kowalzek was killed in an automobile accident. The petitioner was notified of the death of her husband but made no inquiry concerning the whereabouts of her child. Pursuant to an order of 6 March 1975 legal custody of Jeffery was placed in the Lee County Department of Social Services (hereinafter "Department") and physical custody was awarded to Frances Carter and her sister, Frankie Liendo, both of whom had cared for the child while the father was alive.

In April of 1975 the Department received a letter written by an aunt of the petitioner inquiring as to the whereabouts of the child. In September of the same year the petitioner corresponded with the Department seeking custody of her child. A hearing was conducted on 9 October 1975, at the conclusion of which the petitioner was denied custody.

On 27 July 1976 the Department filed a motion that the order of 9 October 1975 be modified to grant custody of the child to the mother. The mother was heard *ex parte* before the District Court of Lee County, and custody was granted to the mother. Upon the respondents' appeal this Court found that the respondents, as custodians of the child, were entitled to notice and the right to present evidence at the hearing. This Court further found the order fatally defective for inadequate findings of fact and conclusions of law. The order was vacated and the cause remanded to the District Court. *See In the Matter of Kowalzek*, 32 N.C. App. 718, 233 S.E. 2d 655 (1977).

In June of 1977 a hearing was conducted at which the respondents as well as the petitioner presented evidence. By

---

---

order entered on 26 July 1977 the trial court made findings of fact and conclusions of law, including the following:

   1. That Sgt. and Mrs. Liendo and Mrs. Elizabeth Kowalzek are each fit and proper persons to have the care, custody, tuition and control of Jeffery Kowalzek.

   2. That legal custody of Jeffery Kowalzek shall remain in the Lee County Department of Social services, but that temporary actual residence of said child be and remain with Sgt. and Mrs. Liendo; . . . .

   3. That it would be for the best interst of Jeffery Kowalzek that his care, custody and control eventually be placed permanently with his natural mother, Mrs. Elizabeth Kowalzek; but not immediately, as the shock of a complete transfer of custody at this time will be too injurious to the health, emotions and welfare of Jeffery David Kowalzek.

   4. That to effect transfer of custody of said child, it will be necessary for the Lee County Social Services Department to take Jeffery from time to time from the home of Sgt. and Mrs. Liendo and place him in a foster home for short durations in order that he may gradually become accustomed to being away from the home and influence of Sgt. and Mrs. Liendo; that it is further necessary that Mrs. Kowalzek return to North Carolina from time to time in order to re-establish a mother-child relationship with Jeffery Kowalzek; that when the Lee County Department of Social Services determines that a proper mother-child relationship has been re-established between Mrs. Elizabeth Kowalzek and her child; and further determines that it would not be a traumatic experience on Jeffery to permanently take him from the home of Sgt. and Mrs. Liendo, it will petition this court for further orders in regard to such custody; or any party hereto may do so, if she or they so determine.

The petitioner and the respondents appealed.

*Harry E. Wilson for Lee County Department of Social Services.*

*J. Douglas Moretz for petitioner appellant Elizabeth Kowalzek.*

*Hoyle and Hoyle, by J. W. Hoyle, for the respondent appellants Liendos.*

HEDRICK, Judge.

Petitioner assigns as error the trial court's failure to award her immediate permanent custody of the child. In her brief petitioner contends that the trial court is powerless to award custody of an infant to a third party without finding as a fact that the natural parent is unfit to accept the responsibilities of custody, care and tuition of the child. We disagree.

[1]   General Statute § 50-13.2(a) requires the trial court to "award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, *best promote the interest and welfare of the child*" (emphasis provided). Accordingly, it has been frequently stated that the trial court should be primarily concerned with the welfare of the child in deciding which party before it should be charged with the enormous responsibilities of custodianship of the child. *See e.g., Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974); *Goodson v. Goodson,* 32 N.C. App. 76, 231 S.E. 2d 178 (1977). A principle equally well-entrenched in our case law and deeply rooted in the social fabric of our culture is that the natural parent is presumed to be the appropriate custodian of his or her child as opposed to third persons and should not be deprived of custody merely because the child could be better cared for in a material sense. *See e.g., Spitzer v. Lewark,* 259 N.C. 50, 129 S.E. 2d 620 (1963); *In re Wehunt,* 23 N.C. App. 113, 208 S.E. 2d 280 (1974). In *Spence v. Durham,* 283 N.C. 671, 687, 198 S.E. 2d 537, 547 (1973), Justice (now Chief Justice) Sharp quoted approvingly from 2 Nelson, *Divorce and Annulment* § 15.09 at 226-9 (2d ed. 1961):

> It is universally recognized that the mother is the natural custodian of her young. . . . If she is a fit and proper person to have the custody of the children, other things being equal, the mother should be given their custody, in order that the

children may not only receive her attention, care, supervision, and kindly advice, but also may have the advantage and benefit of a mother's love and devotion for which there is no substitute.

*See also Tucker v. Tucker*, 288 N.C. 81, 216 S.E. 2d 1 (1975). Harmony of these principles is suggested in the words of Justice Parker in *James v. Pretlow*, 242 N.C. 102, 104, 86 S.E. 2d 759, 761 (1955):

Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children. This right is not absolute, and it may be interfered with or denied but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it. [citations omitted].

[2]  We conclude that while the fitness of a natural parent is of paramount significance in determining the best interests of the child in custody contests, it is not always determinative in itself. It is entirely possible that a natural parent may be a fit and proper person to care for the child but that all other circumstances dictate that the best interests of the child would be served by placing custody in a third party. Thus, we hold that the trial judge is not required to find a natural parent unfit for custody as a prerequisite to awarding custody to a third person. *See In re Morrison*, 6 N.C. App. 47, 169 S.E. 2d 228 (1969). The petitioner's assignment is overruled.

[3]  The respondents contend that the facts found do not support the conclusions that the petitioner is a fit and proper person to have custody of the child and "that it would be for the best interest of Jeffery Kowalzek that his care, custody and control eventually be placed permanently with his natural mother."

In *Hunt v. Hunt*, 29 N.C. App. 380, 383, 224 S.E. 2d 270, 271-2 (1976), we find the following:

". . . when the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact."

This Court held that the trial judge's conclusions that the defendant was a fit and proper person and that it was in the best interest of the child to place him in the custody of the defendant were not supported by adequate findings. Similarly, in *Montgomery v. Montgomery*, 32 N.C. App. 154, 157, 231 S.E. 2d 26, 29 (1977), our Court pointed out the duties of the trial judge in a custody proceeding and declared that a custody order must include "findings of fact which sustain the conclusion of law that custody of the child is awarded to the person who will 'best promote the interest and welfare of the child.' " The Court then found the order inadequate to meet the standards prescribed.

In the case before us the trial judge made extensive findings bearing on the respondents' fitness to maintain custody of Jeffery. Indeed, it is undisputed that since the death of Jeffery's father the respondents have provided Jeffery with all the ingredients of a healthy home environment. On the other hand, we find relatively little in the trial judge's findings with respect to whether the petitioner is in fact the proper person to have custody of her child. In this regard, the trial judge found only that the petitioner is presently employed by the Lutheran Home and

> [t]hat although Mrs. Kowalzek has irregular working hours, she can make arrangement for day or night care for Jeffery as well as suitable living quarters; and all of which arrangements have met with the approval of Morrison County, Minnesota, Social Services Department, and which department has joined in the request for the return of Jeffery to his natural mother, Mrs. Elizabeth Kowalzek.

However, the trial judge further found that when the petitioner was notified of her husband's death she "made no effort to contact anyone about her child," and "[t]hat from the time Mrs. Elizabeth Kowalzek left the State of North Carolina on December 1, 1974, it was five months and 21 days before and until she made any other or further contact or inquiry about the child."

It is clear from the record that a considerable question has been raised as to the circumstances surrounding the petitioner's separation from her husband and her leaving the child in North Carolina when she returned to Minnesota. After the child's father was killed in the automobile accident and the petitioner notified

of his death, a considerable period elapsed before the petitioner made any effort to learn the whereabouts of the child. With the exception of a single conclusory finding that the petitioner "has not abandoned, Jeffery, in a legal sense," the trial judge failed to resolve the questions raised by the evidence. Moreover, the court made no definitive findings as to the petitioner's circumstances in the State of Minnesota, particularly with respect to her living quarters, employment, and earnings. Surely, these matters are of essential concern in determining whether the best interests of the child will be promoted by awarding custody of Jeffery to the petitioner. In short, the findings bearing on the party's fitness to have care, custody, and control of the child and the findings as to the best interests of the child must resolve all questions raised by the evidence pertaining thereto. In this regard, we find the order fatally defective.

We feel compelled to point out that even if the facts found by the trial judge were sufficient to resolve all of the critical issues raised by the evidence and to support the conclusions of law, the order entered is so equivocal as to be practically unenforceable. The order purports to award legal custody of the child to the Department, temporary physical custody to the respondents, and eventual permanent custody to the petitioner. No provision is made for determining when and if a "mother-child relationship" has been established. The order is likewise indefinite as to who is to bear the present responsibility of providing for the needs of the child. It must be assumed, however, that the court intended for the respondents to continue to provide for all of Jeffery's needs until such time as they are required to relinquish custody to the petitioner. Furthermore, by requiring an unspecified number of reunions with the child the court is rendering it practically impossible for the petitioner, who lives in Minnesota and is apparently of very limited means, to establish a "mother-child relationship." In short, the order creates more problems than it solves, and, at best, will prolong the agony of all concerned by necessitating additional hearings to determine with finality the future status of the parties.

We recognize that the task of the trial judge in custody matters is monumental. However, the issues of fact raised by the evidence and pointed out in this opinion must be confronted and resolved with as little delay as possible in order to minimize the

inevitable hurt to all parties and particularly to the subject of this controversy.

The order is vacated, and the proceeding is remanded to District Court for a new hearing, new findings, and the entry of a new order based thereon.

Vacated and remanded.

Judges MORRIS and WEBB concur.