**In re DiMatteo**

IN THE MATTER OF JOHN DiMATTEO, III

No. 822DC781

(Filed 7 June 1983)

**Parent and Child § 6.1— custody order—failure to determine child's best interest**
 An order determining child custody could not be affirmed where the trial judge failed to give a clear indication that his decision rested on a determination of what would be in the child's best interest.

APPEAL by respondent from *Ward, Judge.* Order entered 25 March 1982 in District Court, BEAUFORT County. Heard in the Court of Appeals 17 May 1983.

This proceeding was instituted by the Beaufort County Department of Social Services to obtain temporary custody of two minor children, Brian Keith Mann and John DiMatteo, III, for the purpose of placing them in a foster home. The petition was filed by the Department on 5 October 1981 after Gwendolyn DiMatteo, the child's mother, voluntarily sought the Department's help in caring for the children. Mann's status is not before us on this appeal.

A 13 October 1981 hearing resulted in an order requesting information from New Jersey, where the father lived, to investigate his home with a view of placing John with his father.

Another hearing was held on 25 March 1982. Gwendolyn testified that she went to the Department about temporary care of her children because she was physically and emotionally exhausted. She added that her husband had no contact with John for a long period of time and that it would be very harmful to separate him from his half-brother Brian or to move him from the foster home that the Department had placed him in.

Mabel Cutter, the foster parent, testified that John was adjusting well to the foster home but was heavily dependent on his half-brother Brian. She said that John had been in three different schools during the 1981-82 school year.

Elizabeth Moore, an employee of Beaufort County Social Services, testified that Gwendolyn's mother could not care for the children due to poor health.

A report from John Goodman, a social worker with the Atlantic County Department of Social Services in New Jersey, tended to show that the father's home would provide an adequate environment for John. This report indicated that the father lives with a woman to whom he is not married. Both the father and the woman have jobs. John would be cared for by his grandmother, who lives next door, when the father and the woman are at work.

The trial judge then entered an order placing John in the custody of his father. The order concluded on the basis of the report from Goodman that "the home of the father is reported to be a fit and proper place for said child, that he is a proper person to have custody and is economically able to provice [sic] for said child." From this order, the respondent Gwendolyn appealed.

*No brief filed for John DiMatteo, III.*

*Franklin B. Johnston for respondent-appellant.*

ARNOLD, Judge.

G.S. 50-13.2(a) provides:

An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child. An order awarding custody must contain findings of fact which support the determination by the judge of the best interest of the child.

The rule in these cases in North Carolina is that the welfare of the child is the polar star by which the court's decision must be governed. 3 R. Lee, N.C. Family Law, Sec. 224 (4th ed. 1981); *e.g., Green v. Green,* 54 N.C. App. 571, 572, 284 S.E. 2d 171, 173 (1981).

The respondent attacks the order on the basis of the trial judge's statement that:

[I]t is not a question of whether these two children have been cared for in the best possible manner since October of 1981, and it's not even a question as to whether or not the present foster care arrangement might be better than the custody of the father. The evidence is that the father's home is fit and proper. He is the proper person. That being the

case, isn't he, as a matter of law, entitled to custody of this child?

Although this statement expressed the principle that the natural parent of a child is presumed to be the appropriate custodian of that child, *In re Kowalzek*, 37 N.C. App. 364, 367, 246 S.E. 2d 45, 47, *disc. rev. denied*, 295 N.C. 734, 248 S.E. 2d 863 (1978), the trial judge's statement reflected a misapprehension of the law. We cannot affirm an order without a clear indication that it rested on a determination of what would be in John's best interest. That is the paramount consideration in custody cases.

Reversed.

Judges WEBB and BRASWELL concur.