303 S.E.2d 84 (1983)
In the Matter of John DiMATTEO, III.
No. 822DC781.
Court of Appeals of North Carolina.
June 7, 1983.
*85 No brief filed for John DiMatteo, III.
Franklin B. Johnston, Washington, for respondent-appellant.
ARNOLD, Judge.
G.S. 50-13.2(a) provides:
An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child. An order awarding custody must contain findings of fact which support the determination by the judge of the best interest of the child.
The rule in these cases in North Carolina is that the welfare of the child is the polar star by which the court's decision must be governed. 3 R. Lee, N.C. Family Law, Sec. 224 (4th ed. 1981); e.g., Green v. Green, 54 N.C.App. 571, 572, 284 S.E.2d 171, 173 (1981).
The respondent attacks the order on the basis of the trial judge's statement that:
[I]t is not a question of whether these two children have been cared for in the best possible manner since October of 1981, and it's not even a question as to whether or not the present foster care arrangement might be better than the custody of the father. The evidence is that the father's home is fit and proper. He is the proper person. That being the case, isn't he, as a matter of law, entitled to custody of this child?
Although this statement expressed the principle that the natural parent of a child is presumed to be the appropriate custodian of that child, In re Kowalzek, 37 N.C.App. 364, 367, 246 S.E.2d 45, 47, disc. rev. denied, 295 N.C. 734, 248 S.E.2d 863 (1978), the trial judge's statement reflected a misapprehension of the law. We cannot affirm an order without a clear indication that it rested on a determination of what would be in John's best interest. That is the paramount consideration in custody cases.
Reversed.
WEBB and BRASWELL, JJ., concur.