MEAGHAN CAMPBELL v. LILLIE CAMPBELL

No. 823DC934

(Filed 5 July 1983)

1. **Parent and Child § 6.1— finding concerning best interest of child—supported by evidence**

     A trial court's finding that the best interest of the minor child would be promoted by his remaining with his grandmother was supported by sufficient evidence where the evidence tended to show that the mother was a 23-year-old college student living in California when the minor child was born in 1969; she never married the father but lived with him until the baby was 15 months old; at that time she and the minor child returned to North Carolina and stayed for five months with her parents; she asked her parents to take the minor child for a short period while she returned to California and got settled; the mother admitted she was emotionally unstable during this time; in 1971 and 1972 the mother visited the minor child over Christmas and summer breaks; over spring break in 1973 plaintiff and defendant argued over custody of the minor child; plaintiff did not visit her son in 1974; in 1975 plaintiff tried to take her son from her parents' home; she did not see her son again until she was married in 1977; in 1978 and 1979 plaintiff had medical problems and did not see her son at all; she saw her son at her father's funeral in March 1980 at which time she tried to take her son back with her; in 1981 she and her new husband "snatched" her upset and unwilling son and took him with them to Washington where they were to catch a plane for California but the son, then 12 years old, escaped from their motel room and hitchhiked to North Carolina where defendant met him and took him back to her home. The evidence further showed that the minor child was a well-mannered and normal child who did well in school.

2. **Parent and Child § 7.3— award of child support—failure to determine living expenses of child—error**

     Where the trial court failed to make any finding determining the living expenses of the minor child pursuant to G.S. 50-13.4(c), the order did not contain findings sufficient to support its judgment on child support, and that part of the judgment must be vacated.

APPEAL by plaintiff from *Rountree, Judge.* Judgment entered 23 August 1982 in District Court, PITT County. Heard in the Court of Appeals 9 June 1983.

In this action plaintiff sought custody of her minor child, Timothy Derek Velazquez (Derek). Defendant is the mother of plaintiff and Derek's grandmother. Derek was born on 3 May 1969; plaintiff was never married to Derek's father. When Derek was 20 months old, plaintiff asked defendant to take care of her child while she finished college and earned a master's degree.

---

---

Plaintiff has resided in California since 1965; defendant lives in Farmville, North Carolina. Plaintiff visited her son on an infrequent basis. In 1981, when Derek was 12 years old, plaintiff, after attempting to get defendant to relinquish custody of Derek, physically took the child from defendant. Derek returned to defendant's home by hitchhiking, and plaintiff then instituted this action. She appeals from the judgment allowing defendant to retain custody and requiring her to contribute to the child's support.

*Speight, Watson and Brewer by W. Walton Kitchin, Jr., for plaintiff appellant.*

*Owens & Rouse by Mark W. Owens, Jr., for defendant appellee.*

BRASWELL, Judge.

[1] Plaintiff has abandoned all but two of her ten original assignments of error. She first argues that the court's Finding of Fact No. 19, that the best interests of the minor child will be promoted by his remaining with defendant, was not supported by sufficient evidence. The best interest of the child, in light of all the surrounding circumstances, is the paramount consideration which must guide the court in awarding custody of a minor child. *Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974); 3 R. Lee, N.C. Family Law § 224 (4th ed. 1981); G.S. 50-13.2(a). The trial judge has broad discretion in custody cases, since he has an opportunity to see and hear the parties and witnesses. *Blackley v. Blackley, supra.* His decision will not be disturbed on appeal, absent an abuse of discretion. *Wilson v. Williams,* 42 N.C. App. 348, 256 S.E. 2d 516 (1979).

The court made no finding concerning plaintiff's fitness to have custody of Derek; it did find that plaintiff was a fit and proper person to have visitation rights with the minor child. There appears to be no evidence in the record that plaintiff is unfit to have custody of Derek, nor is there any evidence that defendant is unfit to have custody. This Court has held that:

> "[W]hile the fitness of a natural parent is of paramount significance in determining the best interests of the child in custody contests, it is not always determinative in itself. It is

entirely possible that a natural parent may be a fit and proper person to care for the child but that all other circumstances dictate that the best interests of the child would be served by placing custody in a third party. Thus, we hold that the trial judge is not required to find a natural parent unfit for custody as a prerequisite to awarding custody to a third person."

*In re Kowalzek*, 37 N.C. App. 364, 368, 246 S.E. 2d 45, 47, *disc. rev. denied*, 295 N.C. 734, 248 S.E. 2d 863 (1978).

In making custody decisions between a parent and a grandparent or other third party, the court must balance two doctrines. The first, the "parental right" doctrine, holds that "ordinarily and in the absence of particular circumstances the custody of a child should be given to the parent in preference over the grandparent if the parent is found to be fit to have custody and can supply a proper home." 3 R. Lee, N.C. Family Law § 228.4 at 97 (4th ed. 1981), *quoting* Annot. 31 A.L.R. 3d 1187, 1190-91 (1970). The second doctrine, the "best interests of the child" doctrine, holds that "custody should be awarded in accordance with the best interests of the child regardless of the fitness of the parents." *Id.* From our review of the record and transcript, we believe that Judge Rountree diligently attempted to follow these principles and to balance the two sometimes-conflicting doctrines.

The evidence showed that plaintiff was a 23-year-old college student living in California when Derek was born in 1969. She never married Derek's father, Joe Velazquez, but lived with him until the baby was 15 months old. At that time she and Derek returned to North Carolina and stayed for five months with her parents, defendant and defendant's now-deceased husband (plaintiff's father). She asked her parents to take Derek for a short period of time to allow her to return to California to get settled with an apartment, a job, and school and to prepare to take her son. She viewed this as a temporary situation and felt it was the best thing for Derek at the time. Plaintiff admitted that she was emotionally unstable during this time; prior to Derek's birth she had made several suicide attempts and had been institutionalized in a California state hospital for a week in 1966 or 1967.

In 1971 and 1972 plaintiff visited Derek over Christmas and summer breaks from college. Over spring break in April of 1973,

plaintiff and defendant argued over custody of Derek. Since they were not on friendly terms after the argument, plaintiff did not visit Derek in 1974. Again in 1975 plaintiff tried to take Derek from her parents' home. She did not see Derek again until after she was married in August 1977. By this time plaintiff had earned a bachelor's degree and a master's degree in communication. In 1978 and 1979 plaintiff had medical problems and did not see Derek at all. The next time she saw Derek was at her father's funeral in March 1980, at which time plaintiff and her husband tried to take Derek back with them. For a year plaintiff and her husband planned a way to "snatch" Derek from defendant. In 1981 they put their plan into action, taking the upset and unwilling Derek with them to Washington, D. C., where they were to catch a plane for California. Derek, then 12 years old, escaped from their motel room and hitchhiked to the North Carolina state line, where defendant met him and took him home to Farmville. Plaintiff then began this custody action.

Many witnesses testified on defendant's behalf concerning the loving relationship which exists between defendant and Derek. The evidence showed that Derek was a well-mannered and normal child who did well in school. Plaintiff had provided very little financial support for Derek over the years, and defendant for several years had been receiving welfare payments to help with Derek's living expenses. The record displays a picture of a well-adjusted child who has been well cared for by a loving grandmother.

In her brief plaintiff relies heavily on the case of *In re Jones*, 14 N.C. App. 334, 188 S.E. 2d 580 (1972), in which this Court removed the minor child from the mother's aunt and uncle and awarded custody to the mother. The mother was a 17-year-old unmarried girl at the time the child was born. She allowed her aunt and uncle to keep her child while she attended college. After the mother married, she sought custody of the child. We distinguish *Jones* from the case here presented for several reasons. In *Jones* the minor child was six years old; here, the minor child was almost thirteen at the time of the hearing. As shown in the court's first conclusion of law, the judge spoke with the child in private. While the substance of their conversation does not appear in the record, the judge states that Derek told him that it was his desire to live with his grandmother. Derek's affection for

and devotion to defendant is clearly demonstrated by his flight from plaintiff and her husband in Washington when they attempted to force him to go to California with them.

A child who has attained the age of discretion has a right to be heard in a proceeding which will determine his own custody. *Kearns v. Kearns*, 6 N.C. App. 319, 170 S.E. 2d 132 (1969). While not controlling, the judge may consider the preferences and wishes of the child to live with a particular person. *Clark v. Clark*, 294 N.C. 554, 576-77, 243 S.E. 2d 129, 142 (1978); 3 R. Lee, N.C. Family Law § 224 at 43-45 (4th ed. 1981). The trial judge determines the weight to be attached to the child's preference. *Kearns v. Kearns, supra.* It is evident that Judge Rountree attached great significance to Derek's preference to live with his grandmother.

We also think the relative ages of the mothers in *Jones* and in this case are important. In *Jones* the mother was a 17-year-old high school student when she gave birth and was 23 years old when she filed the action to regain custody of her child. In contrast plaintiff was 23 years old when Derek was born and 35 years old at the time of the hearing. Although she had expressed a desire to have Derek with her during the ten years he lived with defendant, she made very little attempt to act on this desire and provided only a negligible amount of support for the child, forcing defendant to seek public assistance in order to provide for Derek.

For the foregoing reasons, we hold that the court's finding that it was in Derek's best interests for custody to remain with defendant was supported by competent, substantial evidence. We find no abuse of the judge's discretion, and we therefore overrule this assignment of error.

Plaintiff's only other assignment of error is to entry and signing of the judgment on the grounds that it is not supported by the findings of fact and conclusions of law. The only finding and conclusion in controversy are those dealing with the custody of the child, leading to the court's conclusion that the best interests of the child would be served by the custody, care, and control of the child being placed and remaining with defendant. In light of our discussion of the plaintiff's first assignment of error, we find that the trial court's conclusions are adequately supported by the

facts and that entry of the judgment was proper as to the custody issue.

[2]   We do note, however, that the court's order that plaintiff pay $100 per month child support is not supported by specific findings and conclusions. Pursuant to G.S. 50-13.4(c), an order for child support must contain findings and conclusions as to "(1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). The court did find as a fact that plaintiff is capable of supporting her minor child. It also concluded that defendant had limited funds and resources for upkeep of the minor child, in that her income is $375 per month from social security and $167 per month from aid for dependent children. However, the court failed to make any findings determining the living expenses of the child. "To determine the amount of support necessary to meet the reasonable needs of the child for health, education and maintenance . . ., the Court must make findings of specific facts as to what actual past expenditures have been." *Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E. 2d 466, 469 (1978). Since the order appealed from does not contain findings on the reasonable needs of the child sufficient to support its judgment on child support, that part of the judgment is vacated. This cause is remanded to the Pitt County District Court for proceedings consistent with this decision.

Affirmed in part; vacated and remanded in part.

Judges ARNOLD and WEBB concur.