IN THE MATTER OF: DEBRA ANN GWALTNEY, LISA ANETTE GWALTNEY

No. 833DC341

(Filed 5 June 1984)

**Parent and Child § 2.2— findings of fact supporting conclusions of law regarding child abuse and neglect—conclusions supporting disposition of custody**

> An order adjudicating respondents' two minor daughters to be abused and neglected and directing custody of the children in the County Department of Social Services was supported by the findings of fact and the conclusions of law where the findings indicated that the respondent-father had repeatedly sexually abused his two daughters; that as a result the children suffered serious emotional damage evidenced by withdrawal, aggressive behavior, guilt and anxiety; and that one of the children had "attempted suicide as a direct result of the behavior of the father respondent and the acquiescence of the mother respondent . . . to the sexual acts." G.S. 7A-517(1) and (21) and G.S. 50-13.2(a).

APPEAL by respondent from *Aycock, Judge.* Order entered 14 January 1983 in District Court, CRAVEN County. Heard in the Court of Appeals 16 February 1984.

Respondent Marie Anette Gwaltney is appealing from an order adjudging her two minor daughters to be abused and neglected and directing custody of the children in the Craven County Department of Social Services (hereinafter the Department). We hold that the findings of fact support the conclusions of law regarding abuse and neglect, and, in turn, the conclusions of law support the disposition of custody.

The Department initiated this proceeding by petitioning the district court for immediate custody and alleging that the minor children were both abused and neglected pursuant to G.S. 7A-517 (1) and (21). The court issued an immediate custody order placing the children with the Department. After several continuances the court heard evidence on the petition, adjudged the children to be abused and neglected and awarded custody to the Department.

In its order the court found that the following uncontested findings of fact were based upon clear and convincing evidence.

Debra Ann Gwaltney was born to respondent and her husband William Edgar Gwaltney, III on 15 October 1968. Lisa Anette Gwaltney was born on 19 January 1970. Both parents and children were present at the hearing and represented by counsel.

All parties to the action admitted the following allegations in the juvenile petition.

I. The respondent father, William Edgar Gwaltney, III, has on numerous occasions:

(1) within the past two years committed rape upon, incest with juvenile, Debra Ann Gwaltney, and forced her to perform various sexual acts with him in their home.

(2) within the past year committed and attempted to commit various sexual acts on juvenile, Lisa Anette Gwaltney.

(3) the referenced acts have created serious emotional damage to the juvenile as evidenced by withdrawals, aggressive behavior, overwhelming guilt, severe anxiety. In addition, juvenile, Debra Gwaltney, has attempted suicide as a direct result of the behavior of the father respondent, and the acquiescence of the mother respondent, Marie Anette Gwaltney, to the sexual acts.

The respondents denied the allegations in Part II of the petition that respondent-mother had allowed her daughters to be sexually abused and had directed them to commit perjury and not to testify against their father.

The court further found that during the year prior to 23 June 1982, the respondent-father entered his daughters' bedrooms at night, two to three times a week, and committed various sexual acts with them. During the two years prior to 23 June 1982, the respondent-mother was present in the home and knew that her husband was entering the bathroom while their daughters were bathing. Prior to the hearing the respondent-father pled guilty to incest and taking indecent liberties with a minor and is presently incarcerated.

The children's guardian ad litem recommended to the court that custody of the children remain with the Department; that Debra be placed in the physical custody of her maternal grandmother and that Lisa be placed in the physical custody of respondent-mother. These recommendations of physical placement were consistent with the wishes of the children.

Based upon these uncontested findings of fact, the court concluded that the children were neglected and abused; and that it

was in their best interest that custody be given to the Department with physical placement of Debra in the home of her maternal grandmother and physical placement of Lisa in the home of her mother under the Department's supervision. The court ordered custody based upon these conclusions. The court further ordered that the children continue counseling at the Neuse Mental Health Clinic; that visitation between Debra and her mother be as liberal as possible and that the Department request a review of the children's placement and custody in sixty days.

*Kent G. Flowers, Jr., for petitioner appellee Craven County Department of Social Services.*

*Sumrell, Sugg & Carmichael, by Rudolph A. Ashton, III, for respondent appellant Marie Anette Gwaltney.*

ARNOLD, Judge.

Respondent argues that the court erred in awarding custody to the Department because there were no findings of fact supporting the allegations against her as set out in the petition and no finding of fact that she was an unfit mother. She argues that the findings of fact were insufficient to rebut her "constitutional right to the natural and legal custody of her minor children."

The primary concern of the trial court in a custody matter, as mandated by G.S. 50-13.2(a), is the welfare of the child, and this concern outweighs the presumption favoring the award of custody to a natural parent. *In re Kowalzek*, 37 N.C. App. 364, 246 S.E. 2d 45, *disc. rev. denied and appeal dismissed*, 295 N.C. 734, 248 S.E. 2d 863 (1978). This Court in *Kowalzek* stated:

> It is entirely possible that a natural parent may be a fit and proper person to care for the child but that all other circumstances dictate that the best interests of the child would be served by placing custody in a third party. Thus, we hold that the trial judge is not required to find a natural parent unfit for custody as a prerequisite to awarding custody to a third person. (Citation omitted.)

*Id.* at 368, 246 S.E. 2d at 47. The findings of fact in the order now before us support the conclusions of law that the children were abused and neglected and that the best interests of the children would be served if custody was awarded to the Department.

An abused juvenile is one whose parent:

c. Commits or allows the commission of any sexual act upon a juvenile in violation of law; . . . or

d. Creates or allows to be created serious emotional damage to the juvenile and refuses to permit, provide for, or participate in treatment. Serious emotional damage is evidenced by a juvenile's severe anxiety, depression, withdrawal or aggressive behavior toward himself or others. . . .

G.S. 7A-517(1). A neglected juvenile is one "who does not receive proper care, supervision, or discipline from his parent . . .; or who lives in an environment injurious to his welfare. . . ." G.S. 7A-517(21).

As the findings of fact indicate, all parties admitted the allegations in Part I of the juvenile petition. These allegations were that the respondent-father had repeatedly sexually abused his two daughters; and that as a result the children suffered serious emotional damage evidenced by withdrawals, aggressive behavior, guilt and anxiety. Another admitted allegation under Part I of the petition was that Debra "has attempted suicide as a direct result of the behavior of the father respondent, *and the acquiescence of the mother respondent, Marie Anette Gwaltney, to the sexual acts.*" (Emphasis supplied.) The findings of fact further indicate that the respondent-mother was living in the home while her children were being sexually abused; and that she knew that her husband was entering the bathroom while his twelve and thirteen-year-old daughters were bathing. This latter finding shows that the respondent-mother was allowing situations to occur in the home which would tend to promote the sexual abuse.

The disposition of legal custody with the Department is also supported by the recommendations of the guardian ad litem and the wishes of the minor, Debra Ann Gwaltney. Pursuant to G.S. 7A-640, the court may consider the recommendation of a guardian ad litem concerning the needs of a juvenile. The courts may also consider the wishes of a child of suitable age. *See In re Peal,* 305 N.C. 640, 290 S.E. 2d 664 (1982). At the time of the hearing Debra was 14 years old.

The foregoing findings of fact amply support the adjudication of abuse and neglect and the order awarding custody to the Department. In light of this abuse and neglect, we find the trial court's disposition to be fair. The respondent-mother was given physical custody of one daughter and liberal visitation with the other daughter pending review of the custody and placement in sixty days. The order adjudicating the children to be abused and neglected and placing them in the legal custody of the Craven County Department of Social Services is

Affirmed.

Judges WHICHARD and BECTON concur.