JAMES BLACK AND SUSAN BLACK AND PANSY S. OWENSBY AND PAUL N. OWENSBY, PLAINTIFFS v. KIMBERLY DAWN GLAWSON AND HUSBAND, CHRIS GLAWSON AND DAVID DEMPSEY AND MARK HUTCHINS, DEFENDANTS AND KIMBERLY BLACK HUTCHINS, PLAINTIFF v. DARRYL MARK HUTCHINS, DEFENDANT

No. 9229DC1307

(Filed 19 April 1994)

**Divorce and Separation § 337 (NCI4th)— child custody—natural parent or third party—standard of determination**

The trial court did not abuse its discretion by awarding custody of a minor child to the biological father where the mother, now deceased, had indicated that she wanted custody to be with plaintiffs, her relatives. Prior to the enactment

of the present version of N.C.G.S. § 50-13.2(a), the Supreme Court held that custody must be awarded to a natural parent absent a finding of unfitness, *Jolly v. Queen*, 264 N.C. 711 (1965); however, after that decision, the legislature amended the statute to state that a court "shall" rather than "may" award custody based upon the best interest of the child. Recent decisions discussing this statute and the best interest test indicate that it is not necessary to prove a natural parent unfit in order to award custody to a third party, although there is a rebuttable presumption in favor of a natural parent. In this case, the trial court's order refers to a presumption in favor of defendant and the fact that the presumption has not been rebutted, then concludes that the best interest of the child requires that she be placed with her father. There is no reason to disturb this finding.

**Am Jur 2d, Divorce and Separation §§ 963 et seq.**

**Award of custody of child where contest is between child's father and grandparent. 25 ALR3d 7.**

Judge MCCRODDEN concurring in the result.

Appeal by plaintiffs from order entered 1 June 1992 by Judge Robert S. Cilley in Rutherford County District Court. Heard in the Court of Appeals 29 October 1993.

*J. Christopher Callahan for plaintiffs-appellants.*

*J.H. Burwell, Jr., for defendant-appellee Mark Hutchins.*

LEWIS, Judge.

This case concerns the trial court's decision to award custody of Brittney Dawn Hutchins to defendant Mark Hutchins (hereinafter "Hutchins"), her biological father. Plaintiffs are relatives of Kimberly Dawn Glawson (hereinafter "Glawson"), Brittney's mother, who is now deceased. Before her death, Glawson indicated that she wanted plaintiffs to have custody of her children. Plaintiffs filed an action for custody in November 1989. In June 1992 the court entered an order declaring Hutchins to be the biological father of Brittney and awarding him custody. Plaintiffs now appeal.

The sole issue to be addressed in this case is the proper standard to be used in determining whether to award custody of a

minor child to a natural parent or to a third party. The standard actually used by the trial court is somewhat ambiguous. Plaintiffs contend the court erroneously believed it had to award custody to the natural parent absent a finding of unfitness. Hutchins replies that the court correctly awarded custody based upon the best interest of the child.

According to the relevant statute,

> [a]n order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will best promote the interest and welfare of the child.

N.C.G.S. § 50-13.2(a) (1987). Prior to the enactment of the present version of this statute, the Supreme Court held that custody must be awarded to a natural parent absent a finding of unfitness. *Jolly v. Queen*, 264 N.C. 711, 142 S.E.2d 592 (1965). When *Jolly* was decided, the statute read that a court "may" award custody based upon the best interest of the child. *See* N.C.G.S. § 17-39.1 (1965) (repealed in 1967). After the *Jolly* decision, the legislature amended the statute to state that a court "shall" award custody based upon the best interest of the child. We believe the *Jolly* Court was able to reach its result because, under the "may" version of the statute, a court was not limited to a strict "best interest and welfare" analysis. It could impose other requirements, such as unfitness of the natural parent, in addition to the best interest test. Now, with the statutory change, a court must award custody based only upon the best interest and welfare of the child. A court must have discretion to determine the best interest of a child, and should not be restricted to awarding custody to a natural parent in the absence of a finding of unfitness.

Moreover, recent decisions of this Court discussing this statute and the best interest test indicate that it is not necessary to prove a natural parent unfit in order to award custody to a third party. Although there is a rebuttable presumption in favor of a natural parent, *see, e.g., Best v. Best*, 81 N.C. App. 337, 344 S.E.2d 363 (1986), it is not necessary to prove unfitness in order to overcome the presumption. *Id.* We note that the statute itself imposes no presumption at all in favor of a natural parent, but find that we are bound by the decisions of this Court imposing such a presumption.

BLACK v. GLAWSON

[114 N.C. App. 442 (1994)]

In the case at hand, the trial court's order refers to a presumption in favor of defendant and the fact that the presumption has not been rebutted. The court concludes that the best interest of the child requires that she be placed with her father. We see no reason to disturb this finding. We have reviewed plaintiffs' other contentions and find them to be meritless.

The order of the trial court is

Affirmed.

Judge WYNN concurs.

Judge McCRODDEN concurs in a separate opinion.

Judge McCRODDEN, concurring in the result.

I write separately to disagree with the majority in its determination that N.C. Gen. Stat. § 50-13.2(a) (1987) modified the common law rule that, absent a showing of unfitness, a natural parent was entitled to the custody of his or her child.

"The rights to conceive and to raise one's children have been deemed 'essential,' 'basic civil rights of man,' and '[r]ights far more precious . . . than property rights.'" *Stanley v. Illinois*, 405 U.S. 645, 651, 31 L.Ed.2d 551, 558 (1972) (citations omitted). Although our Court has previously interpreted N.C.G.S. § 50-13.2(a), which was enacted in 1967, to have modified the common law in this regard, *see, e.g., In Re Gwaltney*, 68 N.C. App. 686, 315 S.E.2d 750 (1984); *Campbell v. Campbell*, 63 N.C. App. 113, 304 S.E.2d 262, *disc. review denied*, 309 N.C. 460, 307 S.E.2d 362 (1983); *In Re Kowalzek*, 37 N.C. App. 364, 246 S.E.2d 45, *disc. review denied*, 295 N.C. 734, 248 S.E.2d 863 (1978), I do not believe that this is a proper interpretation.

N.C.G.S. § 50-13.2(a) states in pertinent part:

An order for custody of a minor child entered pursuant to this section shall award the custody of such child to such person, agency, organization or institution as will best promote the interest and welfare of the child.

Prior to the enactment of this statute, N.C. Gen. Stat. § 17-39.1, enacted in 1957 and repealed ,in 1967, contained similar language:

[T]he judge may award the charge or custody of the child to such person, organization, agency or institution for such time, under such regulations and restrictions, and with such provisions and directions, as will, in the opinion of the judge, best promote the interest and welfare of said child.

Our Supreme Court did not, however, read that statute to repeal the common law doctrine that a natural parent, absent a finding of unfitness, is entitled to the custody and care of a child. In *Jolly v. Queen*, 264 N.C. 711, 716, 142 S.E.2d 592, 596 (1965), Justice Sharp stated this principle in no uncertain terms: "[T]he parents' paramount right to custody would yield only to a finding that they were unfit custodians because of bad character or other, special circumstances." *See also Brake v. Mills*, 270 N.C. 441, 154 S.E.2d 526 (1967); *Wilson v. Wilson*, 269 N.C. 676, 153 S.E.2d 349 (1967).

Justice Sharp imagined some of the mischief that could come from abandoning the principle that, as against non-parents, a natural parent, absent unfitness, is entitled to custody of his child: "Conceivably, a judge might find it to be in the best interest of a legitimate child of poor but honest, industrious parents, who were providing him with the necessities, that his custody be given to a more affluent neighbor or relative who had no child and desired him." *Jolly*, 264 N.C. at 715, 142 S.E.2d at 596. The Supreme Court, therefore, did not read the language of N.C.G.S. § 17-39.1, the precursor to N.C.G.S. § 50-13.2(a), as abrogating the common law principle. Because "the common law . . . which has not been otherwise provided for in whole or in part, not abrogated, repealed, or become obsolete, [is] . . . in full force within this State," N.C. Gen. Stat. § 4-1 (1986), I believe that prior cases of this Court renouncing the principle are in error.

The majority would have us believe that when the legislature changed the word *may* found in N.C.G.S. § 17-39.1 to *shall* in N.C.G.S. § 50-13.2(a), it altered the common law presumption. The statutory requirement, however, that the trial court must award the custody of a child in a way that will best promote the interest of the child in no way abrogates the common law presumption that, absent parental unfitness, the best interest of the child is that he remain with his natural parent(s). As the characteristic that will defeat the presumption, unfitness is an integral part of the presumption, and the majority's abrogation of that part encourages exactly the mischief Justice Sharp feared.

Furthermore, the majority's reading of the two statutes promotes the conclusion that, prior to the amendment, a trial court, acting under the permissive (as opposed to mandatory) language of section 17-39.1, could have ignored the common law presumption if it had so chosen. This reading, however, is contrary to N.C.G.S. § 4.1.

I realize that prior rulings of panels of this Court bind succeeding panels. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989). However, prior holdings eroding the common law principle concerning custody are in conflict with the Supreme Court's rulings, are ill-advised, and do not bind us.

I would affirm the trial court on the basis that, since there was no showing that the natural father was unfit, he is entitled to the custody of his child. Such a ruling would send a clear signal to our courts and would stop the mischief Justice Sharp envisioned.