IN THE MATTER OF: MICHELLE HELMS, DOB: SEPTEMBER 23, 1978, ONSLOW COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER, MICHAEL HELMS (FATHER OF MICHELLE HELMS), RESPONDENT

No. 854DC165

(Filed 5 November 1985)

1. Witnesses § 7— refreshing recollection—necessity for foundation

Although the better practice would have been for petitioner to lay a complete foundation in order for a witness to refresh her recollection from a prepared document, the failure to do so did not amount to prejudicial error where counsel for respondent was permitted to inspect the document and was offered the opportunity to cross-examine the witness. G.S. 8C-1, Rule 612(a)(c).

**2. Evidence § 50.2— statements to pediatrician and psychologist—exception to hearsay rule**

Statements by a child to a pediatrician and a psychologist concerning abusive acts by her father, made for the purpose of diagnosis and treatment, were admissible under G.S. 8C-1, Rule 803(4), as an exception to the hearsay rule.

**3. Parent and Child § 2.2— sexual and physical child abuse**

The evidence supported findings by the trial court concerning respondent's sexual and physical abuse of his five-year-old daughter, and the findings supported the court's conclusion that the child was an abused juvenile within the meaning of G.S. 7A-517(1)(a), (c) and (d).

**4. Parent and Child § 6.4— unfitness of father for child visitation—sufficiency of evidence**

Testimony by a pediatrician and a psychologist concerning respondent's sexual and physical abuse of his five-year-old daughter was sufficient to support the court's conclusion that respondent was not a fit and proper person to have visitation privileges with his daughter and that it was in the best interest of the child to remain in foster care.

APPEAL by resondent from *Henderson, Judge.* Order entered 20 September 1984 in District Court, ONSLOW County. Heard in the Court of Appeals 24 September 1985.

Petitioner, Onslow County Department of Social Services, filed this juvenile petition on 30 July 1984 alleging that Michelle Helms was an abused child as defined in G.S. 7A-517 in that her father, respondent, had sexually and physically abused her. Following evidentiary hearings, the trial court ruled that the minor child was an abused juvenile within the meaning of G.S. 7A-517(1)(a), (c) & (d). The court also terminated respondent's visitation privileges with the child. Respondent appealed from this order.

*Cynthia L. McNeill and Edwin H. Blackwell, III, for petitioner appellee.*

*Popkin and Coxe, by Jeffrey S. Fulk, for respondent appellant.*

*No brief by guardian ad litem for Michelle Helms.*

JOHNSON, Judge.

[1] The first issue we address is whether the court erred in allowing a witness for petitioner to testify from a prepared docu-

ment. Respondent concedes that North Carolina law permits a witness to refresh his recollection by reviewing a writing or object, but he argues an insufficient foundation was laid to permit the witness to refresh her recollection from the writing because it was not established prior to the use of the writing that the witness could not remember the event, that the writing would refresh her memory, and that after reviewing the document, the witness could then remember the event. Since this action was tried after 1 July 1984, the North Carolina Rules of Evidence govern. 1983 Sess. Laws c. 701 s. 3; G.S. 8C-1 (Cum. Supp. 1981). Rule 612(a) provides that if a witness, while testifying, uses a writing or object to refresh his memory, an adverse party is entitled to have the writing produced. Rule 612(c) further provides that the party entitled to have the writing produced is entitled to inspect the document, cross-examine the witness on the document, and introduce into evidence portions of the document which relate to the witness' testimony. In the present case, when counsel for petitioners sought to refresh the witness' recollection with a written document the witness had prepared, the court, upon respondent's objection to the use of the document, allowed the witness to review the document and then ordered it turned over to counsel for respondent. Counsel for respondent had the opportunity to cross-examine the witness but declined the opportunity. Although the better practice would have been for petitioner to lay a complete foundation, the failure to do so under the circumstances of this case did not amount to prejudicial error.

The next issue is whether the court erred in admitting testimony of witnesses as to statements the five year old child made to them regarding abusive acts by her father when the child did not testify. These statements were made to two babysitters, a social worker, a pediatrician, and a psychologist. Respondent contends these statements were inadmissible hearsay and did not qualify for any of the exceptions to the hearsay rule under Rule 803 or 804.

[2]  Petitioner contends that the statements made to the pediatrician and psychologist were admissible under Rule 803(4), which permits the admission of statements made for purposes of medical diagnosis or treatment "and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as rea-

sonably pertinent to diagnosis or treatment." We agree. In the present case, the pediatrician testified that he examined the child on 30 July 1984 when she was brought in by her babysitters with regard to bruises and abrasions they had observed on the minor child and their concerns that the child had been sexually abused. Thus, any statements made by the child to him for purposes of diagnosis or treatment as to the genesis of her injuries were admissible. Likewise, the statements the child made to the psychologist for purposes of diagnosis or treatment were admissible. Although the child was originally referred to the psychologist for an examination by court order, the psychologist testified that he has had several treatment sessions with the child and that he is continuing to treat the child for her emotional problems.

Petitioner also contends that the statements made to the babysitters and social worker were admissible as excited utterances under Rule 803(2). Respondent argues that the excited utterance exception is inapplicable because the statement was not made "while the declarant was under the stress of excitement caused by the event or condition." The record is not clear as to when the alleged abuses occurred; thus, we cannot determine how long after the alleged abuses the child made the statements. We need not address the issue of whether the statements were made under the stress of excitement, however, because even if we assume the statements were improperly admitted, the remaining evidence supported the court's findings and conclusions that the child was physically and sexually abused. Indeed, the lack of findings of fact by the court with regard to the statements made by the child to the babysitters and social worker indicates that the court disregarded these statements. The trial court's findings of fact were addressed solely to the statements made by the child to the pediatrician and psychologist.

[3] The court made findings of fact, *inter alia,* that the pediatrician examined the child and found extensive, severe bruising over the child's body, and fine red spots on her arm and left chest wall; that tests performed upon the child indicated the child did not have a bleeding disorder which might cause easy bruising; that in taking the child's medical history, the pediatrician learned from the babysitters that the child had told them her father had tickled her in the genital area; that he examined the child's pelvic

area and found that she had a normal hymen, but that the vaginal opening was abnormally red and tender; that respondent father admitted beating the child on one occasion but denied having sexually molested his child; that the psychologist conducted five or six therapy sessions with the child beginning 15 August 1984; that tests were performed upon the child which indicated that the child was of above average intelligence, but had a lot of stress and resistance in talking about certain subjects, which she called her "secrets"; that the child described digital insertion by her father, saying her father "made [her] bleed with his finger," and pointing to her genital area when asked where she was made to bleed; that she talked about touching her father's "whistle" and about how "white stuff . . . like an egg" came from it; that the child's statements to the psychologist were trustworthy because (a) leading questions were never used and an effort was made by the psychologist to maintain spontaneity, (b) the child originated the term "secret", and when the therapist talked about the "secret", the child's demeanor changed from a verbal, happy child to a guarded, sad child, (c) the child did not tell any secrets until the next to last session, and (d) the child told the therapist she did not like to talk about these things because she was afraid he would not like her and she did not tell her foster mother about these things for fear of rejection; and that the child expressed fear of and anger with her father to the therapist and had adopted the surname of her foster parents, referring to herself as "Michelle Patterson" rather than "Michelle Helms." Respondent did not except to these findings; therefore, these findings are presumed supported by competent evidence and are binding. *Tinkham v. Hall*, 47 N.C. App. 651, 267 S.E. 2d 588 (1980).

Respondent did, however, except to the court's finding of fact that it was the pediatrician's opinion that the child had been sexually abused. He argues that the finding was unsupported by the evidence because the pediatrician testified that his findings as to sexual abuse were inconclusive. We believe this finding was harmless error. The pediatrician testified that his finding as to sexual abuse were inconclusive—he "couldn't rule it in or out." He also testified that the child had an unusual redness and tenderness inside her left labia next to the vagina, which indicated there could have been bleeding to the left of the redness. This testimony was consistent with the child's statements that

her father had inserted his finger in her genitals causing her to bleed. The court could thus conclude from this evidence and the testimony of the psychologist that respondent sexually abused the child. We hold that the court's conclusion that the child was abused within the meaning of G.S. 7A-517(1)(a), (c) & (d) was supported by the findings of fact, which were supported by the evidence.

[4]   The final issue is whether the court's conclusion of law that respondent was not a fit and proper person to have visitation privileges with his minor child was supported by the evidence. Respondent argues that since he had been granted supervised visitation privileges under two previous orders of the court, there should have been a showing of changed circumstances in order to deny him visitation rights. At the time the earlier orders had been entered, however, the court had not heard the testimony of the pediatrician and the psychologist. Their testimony was sufficient to support the court's conclusion that respondent was not a fit and proper person to have visitation privileges with his daughter and that it was in the best interests of the child to remain in foster care.

Affirmed.

Judges WEBB and PHILLIPS concur.