IN THE MATTER OF VINCENT BRENNER, LISA HOLLAND

No. 868DC534

(Filed 18 November 1986)

1. **Parent and Child § 2.3— child custody—neglect—failure to comply with prior court directives**

There was no merit to respondent's contention that the trial court erred by removing custody of her children from her because she failed to comply with prior court directives where respondent had previously stipulated that her children were neglected; the court found that custody should remain in respondent but specified certain conditions applicable to her, including that she cooperate with community level services; and the court acted with full statutory authority when it conducted a hearing upon a social worker's motion and determined that respondent's subsequent refusal to cooperate with the community level services and orders applicable to her constituted a change of circumstances affecting the best interests of the children sufficient to require modification of the prior custody order.

2. **Parent and Child § 2.3— child custody—neglect—burden of proof not shifted to parent**

There was no merit to respondent's contention in a child custody hearing that the trial court improperly shifted the burden of proof to her in its order removing custody from respondent where the order provided that it would be reviewed in 90 days; at that time respondent should show evidence of a stable environment and that she should work with various community agencies and

In re Brenner

personnel to stabilize her situation so that the children could be returned to her; these portions of the order had no bearing on burden of proof but simply stated with particularity what it was necessary for respondent to do prior to the review in order to regain custody of her children; and the order was consistent with prior orders and illustrated the court's continued interest in strengthening the home situation and maintaining the family structure.

**3. Parent and Child § 2.3— child custody—neglect—findings of fact**

Respondent in a child custody proceeding could not complain about the trial court's findings of fact which related to events prior to the penultimate review of her case, since the findings objected to related to evidentiary rather than ultimate facts; there were other evidentiary facts sufficient to support the ultimate facts found by the court; and evidence of prior neglect which led to an adjudication of neglect shows circumstances as they were and is therefore relevant as to whether a change of circumstances has occurred since that order.

**4. Parent and Child § 2.3— child custody—neglect—findings of fact**

Evidence was sufficient to support various findings of the trial court with regard to respondent's neglect of her children, and the findings were sufficient to support its conclusion that custody of the children should be put with the Department of Social Services for placement; furthermore, a conflict in the order with regard to placing custody of the children in the mother or in the Department of Social Services could be resolved by considering the evidence, findings, and the court's oral order at trial.

APPEAL by respondent from *Setzer, Judge*. Judgment signed 20 December 1985 in District Court, WAYNE County. Heard in the Court of Appeals 21 October 1986.

Petitioner Louise Rockstad, social worker with the Wayne County Department of Social Services, instituted this juvenile proceeding on 24 April 1985. Petitioner alleged that the minors Lisa Holland, born 9 September 1980, Sheila Holland, born 14 October 1982, and Vincent Brenner, born 8 October 1983, did not receive proper care from their mother Litha Holland and were neglected within the meaning of G.S. 7A-517(21). Specifically, petitioner alleged, *inter alia*: that respondent "does not take care of them [her children] herself for more than a few days at a time. She often leaves them in the care of other relatives who do not properly take care of them either"; that on "several occasions . . . there has been no food in her residence"; that respondent "has not applied for AFDC, food stamps, or medicaid to help provide for her children"; and that respondent "at times has had a problem with alcohol and drugs but she has not sought help from Mental Health on a consistent basis."

On 24 April 1985, the court appointed Farris Duncan as attorney advocate and Mary M. Borden as guardian ad litem for the minors. On 31 May 1985, the court found as fact that the mother Litha Holland agreed and stipulated that the children were neglected within the meaning of G.S. 7A-517(21) and agreed to cooperate with the Wayne County Department of Social Services and to abide by certain terms of the court regarding care of her children. The court ordered that the juveniles be adjudicated neglected juveniles, that custody remain with the mother, and that the matter be set for review in sixty (60) days. Respondent entered into a service agreement with the Wayne County Department of Social Services and her social worker Louise Rockstad.

The matter came on for review on 22 July 1985, at which time the court found as fact that the mother Litha Holland had signed a consent form to allow the maternal grandfather to adopt the minor Shelia Holland. The court ordered that custody of Lisa Holland and Vincent Brenner remain with the mother despite her failure to comply with prior orders. Respondent was ordered to "have sufficient food on hand for her children . . . maintain a suitable resident [sic] . . . enroll Lisa Holland in kindergarten . . . go to the Mental Health Center for evaluation and therapy if recommended by the Center and . . . report to this Court concerning the evaluation and treatment. . . ." The matter was scheduled for further review. On 14 October 1985 this matter was reviewed. The court had access to a court summary prepared by Mary M. Borden, the guardian ad litem, a court summary prepared by Louise Rockstad, the assigned social worker, a letter from Charles Holden of the Wayne County Mental Health Center, and the service agreement previously signed by the mother. Again custody was ordered to remain with the mother Litha Holland; again respondent was ordered to comply with the service agreement respondent previously entered into; again the matter was set for review. Shortly thereafter, on 29 October 1985, Louise Rockstad filed a motion for review requesting that the Wayne County Department of Social Services be given custody of the minors Lisa Holland and Vincent Brenner. Specifically, the movant alleged that the mother had stopped cooperating with the social worker, refused the social worker entry to the Holland home, failed to abide by the terms of the service agreement and that it was in the best interest of the children to place them in the custody of the Wayne County Department of Social Services.

In an order signed on 20 December 1985, the court ordered that the Wayne County Department of Social Services have custody and placement responsibility of the two minors, that the mother "work with the Guardian ad litem, the Homemaker, the Social Worker, and the Mental Health Center to attempt to stabilize her situation so that the children can be returned to her." The matter was to be reviewed in ninety days with notice to all parties. From this order respondent Litha Holland appeals.

*Baddour, Lancaster, Parker, Hine & Keller, P.A., by E. B. Borden Parker, for petitioner appellee.*

*R. Michael Bruce, for respondent appellant.*

JOHNSON, Judge.

G.S. 7A-666 authorizes a juvenile's parent to appeal any final order of the court in a juvenile matter. G.S. 7A-666 defines a final order to include one which modifies custodial rights; hence, this matter is properly before this Court. G.S. 7A-666(4).

[1] In respondent's first Assignment of Error she contends that the court erred by removing custody from respondent because she failed to comply with prior court directives. Respondent claims that the court was limited to finding her in contempt and that the court could not "punish her" by removing her children from her custody. Respondent's argument is without merit.

On 20 May 1985, Lisa Holland and Vincent Brenner were adjudicated neglected children. G.S. 7A-517(21). At the adjudication hearing, the mother Litha Holland stipulated that the children were neglected. A neglected juvenile is defined, in pertinent part, as "[a] juvenile who does not receive proper care, supervision, or discipline from his parent . . .; or who lives in an environment injurious to his welfare. . . ." G.S. 7A-517(21). G.S. 7A-647 prescribes the dispositional alternatives that are available to the court once a minor is adjudicated neglected. G.S. 7A-647 states, in pertinent part:

> [Sec.] 7A-647. *Dispositional alternatives for delinquent, undisciplined, abused, neglected, or dependent juvenile.*
>
> The following alternatives for disposition shall be available to any judge exercising jurisdiction and the judge

may combine any of the applicable alternatives when he finds such disposition to be in the best interest of the juvenile:

. . . .

    (2) In the case of any juvenile who needs more adequate care or supervision or who needs placement, the judge may:

        a. Require that he be supervised in his own home by the Department of Social Services in his county, a court counselor or other personnel as may be available to the court, subject to conditions applicable to the parent or the juvenile as the judge may specify; or

        b. Place him in the custody of a parent, relative, private agency offering placement services, or some other suitable person; or

        c. Place him in the custody of the Depatment [sic] of Social Services in the county of his residence, or in the case of a juvenile who has legal residence outside the State, in the physical custody of the Department of Social Services in the county where he is found so that agency may return the juvenile to the responsible authorities in his home state.

When disposing of the case the court's paramount consideration must be the best interest of the juvenile. *See* G.S. 7A-647. *In re DiMatteo*, 62 N.C. App. 571, 303 S.E. 2d 84 (1983). The court must also be guided by the express purpose of dispositions as stated in G.S. 7A-646, as follows:

*Sec. 7A-646. Purpose.*

    The purpose of dispositions in juvenile actions is to design an appropriate plan to meet the needs of the juvenile to achieve the objectives of the State in exercising jurisdiction. If possible, the initial approach should involve working with the juvenile and his family in their own home so that the appropriate community resources may be involved in care, supervision, and treatment according to the needs of the juvenile. Thus, the judge should arrange for appropriate

community-level services to be provided to the juvenile and his family in order to strengthen the home situation.

In the initial disposition in the case *sub judice* the court found as fact that it was in the best interest of these juveniles to remain in the custody of respondent. What serves the best interest of a juvenile constitutes a conclusion of law, rather than a finding of fact. *See Steele v. Steele*, 36 N.C. App. 601, 604, 244 S.E. 2d 466, 468 (1978). The court also specified conditions applicable to respondent. G.S. 7A-647 authorizes the judge to specify conditions applicable to the parent. G.S. 7A-647(2)(a). The mother agreed to comply with the court's orders applicable to her, indicating a spirit of cooperation. Specifically, on 31 May 1985, the court ordered, *inter alia*:

2. That the custody of these juveniles shall remain with the mother Litha Holland and Litha Holland shall:

a. Maintain a stable residence for her children.

b. Be evaluated at the Mental Health Center and participate in therapy if it is recommended by the Mental Health Center.

c. Care for the children by herself and live in the same residence with the children.

d. Not leave her children in the care of Dorothy Pendergraft.

e. Cooperate with the homemaker, social worker, foster grandparents and Guardian Ad Litem.

f. Have sufficient food on hand for the children.

g. That the respondent mother shall report any move that she makes to the Wayne County Clerk of Superior Court, the Guardian Ad Litem, and the Department of Social Services.

The court's jurisdiction continues during the minority of a juvenile who has been found neglected. G.S. 7A-664(c). G.S. 7A-664 empowers the court to conduct review hearings and to modify or vacate orders throughout the juvenile's minority due to a change of circumstances or the needs of the juvenile. G.S. 7A-664(a) and (c). The court previously deemed it in the best interest of the minor children that the mother comply with those orders of the court applicable to her. The court acted with full statutory authority when it conducted a hearing upon the social worker's

motion and determined that respondent's subsequent refusal to cooperate with the community-level services and orders applicable to her constituted a "change of circumstances" affecting the best interest of the juveniles sufficient to require the modification of the prior custody orders. This Assignment of Error is overruled.

[2]   In respondent's second Assignment of Error respondent contends that the court erroneously and impermissibly shifted the burden of proof to respondent. Specifically, respondent refers to that portion of the court's decree signed 20 December 1985 as follows:

> 5. That Litha Holland shall show evidence of a stable environment to the Court at the review.

> 6. That Litha Holland shall work with the Guardian ad litem, the Homemaker, the Social Worker, and the Mental Health Center to attempt to stabilize her situation so that the children can be returned to her.

Respondent maintains that the burden of proof should be with the movant, the Wayne County Department of Social Services. We are unpersuaded by respondent's argument.

Once a court removes custody of a neglected juvenile from his parent, the court must review the custody order within six months. G.S. 7A-657 provides, *inter alia*:

> In any case where the judge removes custody from a parent or person standing in loco parentis because of dependency, neglect or abuse, the juvenile shall not be returned to the parent or person standing in loco parentis unless the judge finds sufficient facts to show that the juvenile will receive proper care and supervision.

> In any case where custody is removed from a parent, *the judge shall conduct a review within six months* of the date the order was entered, and shall conduct subsequent reviews at least every year thereafter. . . .

> *The court shall consider information from* the Department of Social Services; the juvenile court counselor, the custodian, guardian, *the parent* or the person standing in loco

parentis, the foster-parent, the guardian ad litem; and any public or private agency which will aid it in its review.

. . . .

The judge, after making findings of fact, shall enter an order continuing the placement under review or providing for a different placement as is deemed to be in the best interest of the juvenile. If at any time custody is restored to a parent, the court shall be relieved of the duty to conduct periodic judicial reviews of the placement.

(Emphasis added.)

At the next statutorily imposed review the court would be required by G.S. 7A-657 to receive evidence from respondent and others, weigh all evidence presented, and enter an order in the best interest of the juveniles. Paragraphs 5 and 6 of the decretal portion of the order at issue have no bearing on the burden of proof at the 17 December 1985 hearing. Rather, paragraphs 5 and 6 and the other portions of the decree applicable to respondent enunciate with particularity what the court deems necessary for respondent to do prior to the next review to be in a position to regain custody. These orders applicable to respondent are consistent with prior orders and illustrate the court's continued interest in strengthening the home situation and maintaining the family structure. This Assignment of Error is overruled.

[3] In respondent's third Assignment of Error respondent contends that the court erred by failing to limit evidence and findings based thereon to matters which transpired between 14 October 1985, the date of the penultimate review, and 17 December 1985, the date of the last review. Respondent contends that she was notified and given an opportunity to prepare for a hearing on only questions which arose after 14 October 1985. We disagree.

We need not address respondent's evidentiary objections because, by failing to object to the evidence at trial, respondent waived evidentiary objections on appeal. *See* Rule 46(b), N.C. Rules Civ. P.

The findings to which respondent makes exception pertinent to this Assignment of Error are:

4. That during the summer and through part of the fall Litha Holland lived at Pinewood Trailer Park.

5. That Litha Holland was told by the operator of Pinewood Trailer Park to leave because of the damage done to the trailer.

. . . .

16. Litha Holland used the Medicaid stamps for her children when she received Medicaid.

As stated previously, the court had the authority to place the juveniles in the custody of the local Department of Social Services as soon as they were adjudicated neglected. The court had the authority to modify its prior orders upon a finding of a change of circumstances and concluding such modification was in the best interest of the juveniles. The findings to which respondent objects are not dispositive of these key issues. There are two kinds of facts, ultimate facts and evidentiary facts. *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E. 2d 368, 372 (1975). Ultimate facts are the final facts required to establish a plaintiff's cause of action or a defendant's defense, whereas evidentiary facts are subsidiary facts which tend to prove the ultimate facts. *Id.* The trial judge is required to find only the ultimate facts. *Id.* The facts to which respondent excepts are evidentiary facts. We find other evidentiary facts sufficient to support the ultimate facts found by the court. Hence, the error, if any, is nonprejudicial.

Moreover, our Supreme Court has held that evidence of neglect by a parent prior to losing custody of a child and an adjudication of neglect are both admissible in subsequent proceedings to terminate parental rights so long as any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect are also considered. *In re Ballard*, 311 N.C. 708, 715, 319 S.E. 2d 227, 232 (1984). We find this rule applies with equal force to a subsequent proceeding to remove custody from a parent. Evidence of prior neglect which led to an adjudication of neglect shows circumstances as they were and therefore is relevant to whether a change of circumstances has occurred since that order. This Assignment of Error is overruled.

[4]   In respondent's fourth through sixth Assignments of Error, she contends the evidence is insufficient to support the following findings of fact:

6. That during the time that Litha Holland resided at Pinewood Trailer Park her children were observed scantily clothed and running about the park unsupervised on many occasions.

. . . .

10. Lisa Holland missed at least fourteen days of school while she lived at Pinewood Trailer Park and Litha Holland cannot explain these absences.

. . . .

12. That since Litha Holland has lived in Pikeville, Lisa Holland has missed six or seven days of school, only one of which has been due to illness.

Findings of Fact are conclusive on appeal if supported by any competent evidence. *Little v. Little*, 9 N.C. App. 361, 176 S.E. 2d 521 (1970). We have reviewed all the evidence and find some evidence to support each of these findings. On direct examination respondent was asked, "Before you went to Pikeville you kept Lisa out of school more than 14 days didn't you?" Respondent answered, "I would get up some mornings late and I didn't have transportation to take her to school when she missed the bus." Respondent's answer constitutes an admission. Respondent contends in support of this Assignment of Error that the question was impermissibly leading. Respondent failed to raise this objection at trial; hence, it is waived on appeal. *See* Rule 46(b), N.C. Rules Civ. P. This Assignment of Error is overruled.

In respondent's seventh Assignment of Error she contends that the evidence is insufficient to support the court's Finding of Fact 18. We disagree.

Finding of Fact 18 states:

18. That it is not in the best interest of these juveniles to remain in the custody of Litha Holland until Litha Holland will comply with the directives set out by the Court.

As stated previously, what serves the best interest of a juvenile is properly a conclusion of law. *See Steele, supra.* A conclusion of law must be based on the facts found by the court, and those facts must be supported by the evidence. *Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977). Findings of fact are conclusive if supported by any competent evidence. *Little, supra.*

The court made the following facts which are supported by competent evidence:

3. By order of this Court dated July 22, 1985, the Court ordered as follows:

(1) That the custody of these children shall remain with Litha Holland.

(2) That Litha Holland shall comply with the previous orders of this Court and shall cooperate with the Social Worker, Homemaker, Guardian ad litem, and Foster Grandparents.

(3) That Litha Holland shall always have sufficient food on hand for her children, shall maintain a suitable residence and should obtain the necessary documents so that she can enroll and shall enroll Lisa Holland in kindergarten.

(4) That Litha Holland shall go to the Mental Health Center for evaluation and therapy if recommended by the Center and the Center shall report to this Court concerning the evaluation and treatment prior to August 26, 1985.

. . . .

7. That Litha Holland refused to cooperate with the Social Worker and testified that the Social Worker "got on my case."

8. Litha Holland stopped attending the Mental Health Center because the substance abuse counsellor "got on my case."

9. Litha Holland testified that she quit using drugs approximately five months ago and her sister testified that she had not seen her drunk in two months.

. . . .

In re Brenner

11. That after Litha Holland moved from Pinewood Trailer Park on or about the end of October, 1985, she stayed with her father for a week or a week and a half and then moved to Pikeville where she currently resides with her two children.

. . . .

13. That Litha Holland did not go for a recertification for AFDC and Medicaid because on that date she had something else to do and has not made a new appointment.

14. Litha Holland did not inform the DSS Homemaker of her change of address and the Homemaker had to find her through her father.

15. That Litha Holland now has only SSI income for herself which she would have to spend on her children.

. . . .

17. Litha Holland has without just cause or excuse failed to obey the previous orders of this Court.

These findings are sufficient to support the conclusion that it was in the best interest of these juveniles not to remain in the custody of respondent. This Assignment of Error is overruled.

In respondent's eighth and ninth Assignments of Error, respondent contends that the findings of fact are insufficient to support the conclusion of law "[t]hat the custody of these children should be put with the Wayne County Department of Social Services for placement."

Finding of Fact 18 states:

18. That it is not in the best interest of these juveniles to remain in the custody of Litha Holland until Litha Holland will comply with the directives set out by the Court.

Finding of Fact 19 states:

19. That it is essential to the welfare of the children to remain in the custody of their mother.

Both of these findings are conclusions of law. Because the second statement is equivalent to concluding that the best interest of the juveniles is to remain in the custody of respondent,

the two conclusions are in direct conflict. The record resolves the conflict. As a conclusion of law, the second statement is not supported by the evidence or the findings of fact. Moreover, the court stated in its oral order at trial, *inter alia*:

> COURT: Mr. Parker based upon the evidence presented it is clear to this Court that Mrs. Holland has not abided by any of the conditions set out by the Court in previous orders which were conditions set out for the [sic] basically for the best interest of the children. I will remove the children from the home and place legal custody with the Department of Social Services and give them full placement authority meaning they can place the children back in Mrs. Holland's home if they desire or any foster care which they desire.

It is beyond doubt that the court intended the neglected juveniles Lisa Holland and Vincent Brenner to be in the custody of the Wayne County Department of Social Services. No other result could follow from the evidence and all other findings and conclusions. Because all Assignments of Error have been overruled, the order signed 20 December 1985 is

Affirmed.

Judges WEBB and PHILLIPS concur.