IN THE MATTER OF: MELINDA ISENHOUR AND BRANDY ISENHOUR, MINOR CHILDREN

No. 9017DC594

(Filed 5 February 1991)

1. **Parent and Child § 6.3 (NCI3d)— child custody—court's consideration of matters in file—no error**

   In a proceeding to determine custody of respondent's two children, the trial court could properly consider matters in respondent's file without either party having introduced the file, since the trial court could take judicial notice of earlier proceedings in the same cause.

   **Am Jur 2d, Parent and Child §§ 24-26.**

2. **Parent and Child § 6.3 (NCI3d)— child custody—misstated findings—custody decree not abuse of discretion**

   In a proceeding to determine custody of respondent's two children, misstated findings as to evidence of threats by respondent toward DSS workers and as to a DSS plan to reunite the minor children with their mother did not prejudice respondent, and the trial court did not abuse its discretion in maintaining the current custody arrangements before it which placed the children in the custody of their father, given the violent and uncooperative history of respondent, the relative

recency of respondent's compliance with the court's orders, and the children's stated desires to remain with their father.

**Am Jur 2d, Parent and Child §§ 24-26.**

APPEAL by respondent from order entered 30 November 1989 in ROCKINGHAM County District Court by *Judge Philip W. Allen*. Heard in the Court of Appeals 22 January 1991.

The minor children involved in this case were adjudged neglected and placed in the legal and physical custody of the Iredell County Department of Social Services on 28 July 1986. Their mother, respondent Lucy Isenhour, had been hospitalized suffering from acute psychosis, and a social worker had witnessed her exhibit violent tendencies. A further investigation revealed that respondent had no income and there was little food in the house. Physical custody was ultimately granted to the children's father, Jack Brown.

Periodic reviews have occurred since the initial disposition. Legal custody has been transferred to the Rockingham County Department of Social Services, and physical custody has remained with Mr. Brown. Various visitation schedules have been imposed by court orders or agreed to by the parties. Respondent has failed to comply with some of these schedules, and in April 1988 kept the children for eight days without notifying anyone as to their location.

The order before us resulted from a hearing held on 20 November 1989. The parties consented to a waiver of all notice requirements and agreed that the hearing would be the annual custody review disposition of the children required by N.C. Gen. Stat. § 7A-657. At the hearing, respondent offered evidence tending to show that she was taking medication and seeing a psychiatrist regularly, and this was improving her condition. She had complied with the court's most recent visitation schedule, and the visits went well. She had been regularly employed for approximately one year and lived with her six-year-old daughter in a two-bedroom mobile home. The court heard further evidence from a social worker, Brown, and the minor children, who testified that they wished to remain with their father.

The trial court entered an order finding facts and concluding that it was in the best interest of the children to remain in the

**IN RE ISENHOUR**

[101 N.C. App. 550 (1991)]

custody of the Rockingham County Department of Social Services, and physical placement to remain with Brown. Respondent appeals.

*Phyllis P. Jones for petitioner-appellee Rockingham County Department of Social Services.*

*Maddrey & Medlin, by Thomas E. Medlin, Jr., for respondent-appellant Lucy Isenhour.*

WELLS, Judge.

Respondent brings forward two assignments of error, contending that the evidence was insufficient to support the court's findings of fact and conclusions of law, and that the court's order is not in the best interests of the children. We affirm.

Though it is unclear from the record to which findings or conclusions respondent objects, she refers to findings four, five and six in her brief:

> 4. Since this matter was originally heard in Iredell County, respondent has exhibited a long history of failure to cooperate with the Iredell County Department of Social Services and the Rockingham County Department of Social Services. She has made threats to social workers in both counties and exhibited violent acts during visits with her children and visits by social workers.

> 5. . . . Dr. Kim was not aware of any of the violent threats and/or failures to cooperate with the various Departments of Social Services or any of respondent's failure[s] to obey court orders and repeated violations of the terms and conditions of previous visitation orders including her absconding with the children for over a week in April of 1988.

> 6. The Iredell County Department of Social Services and the Rockingham County Department of Social Services have made repeated efforts to counsel with and work with the respondent in attempts to reunite her with her minor children. Respondent has failed to respond to the repeated efforts of both departments to affect a gradual reunification of the respondent with her minor children.

[1] Respondent contends that these findings are based at least in part on matters present in the file which were not offered into evidence, and that the court erred by either not reviewing the

file at the hearing or by not notifying her that it had done so and that it would take judicial notice of the file's contents. We find clear evidence in the record that the trial court did make it plain that it had reviewed the file and was considering the history of the case in conducting the hearing. Neither party was required to offer the file into evidence. A trial court may take judicial notice of earlier proceedings in the same cause. *Matter of Byrd*, 72 N.C. App. 277, 324 S.E.2d 273 (1985). Respondent also contends that the court erred in basing these findings on evidence that was not "substantive" or was hearsay. Respondent failed to raise these objections at trial, however, and must be considered to have waived them. *Matter of Brenner*, 83 N.C. App. 242, 350 S.E.2d 140 (1986).

[2] Findings of fact are conclusive if supported by any competent evidence. *Id.* We have reviewed the record and find no evidence of threats made by respondent to Rockingham County Department of Social Services' workers. The record also reveals that there has been no plan to reunite the minor children with their mother since 1987, with Department of Social Services recommending that legal custody be granted to Brown with respondent maintaining visitation privileges. Respondent has not demonstrated any prejudice from these misstated findings, however. She contends in her second assignment of error that the court's order is contrary to the children's best interests, but we find that the court's properly stated findings adequately support its conclusion of law and order. Trial courts are granted broad discretion in matters involving custody. *Glesner v. Dembrosky*, 73 N.C. App. 594, 327 S.E.2d 60 (1985). N.C. Gen. Stat. § 7A-657 contemplates that a child *may* be returned to the parent from whom custody was taken if the trial court finds sufficient facts to show that the child "will receive proper care and supervision" from the parent, and such placement is deemed in the best interest of the child. *Matter of Shue*, 311 N.C. 586, 319 S.E.2d 567 (1984). We cannot say that the trial court abused its discretion in maintaining the current custody arrangements before it, given the violent and uncooperative history of the respondent, the relative recency of respondent's compliance with the court's orders, and the children's stated desires to remain with their father. The trial court's order is therefore

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.