IN THE MATTER OF: K.W.
No. COA05-720
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Northampton County No. 90-J-10.
Attorney General Roy A. Cooper, III, by Assistant Attorney General Harriet F. Worley, for the State.
Ligon and Hinton, by Lemuel W. Hinton, for juvenile-appellant.
HUNTER, Judge.
Juvenile appeals from an order of Level 3 disposition by the trial court committing him to the Department of Juvenile Justice for placement in a training school for a period of six months. Juvenile contends the State presented insufficient evidence that he had four or more prior adjudications of delinquency, and that the trial court therefore erred in finding that Level 3 disposition was authorized. We affirm the order of the trial court.
On 12 November 2004, a juvenile petition alleging that juvenile committed misdemeanor larceny was filed in Bertie County District Court. On 7 December 2004, juvenile admitted to the allegations contained in the petition, and the trial court subsequently adjudicated him delinquent. The trial court then transferred the case to Northampton County for purposes of disposition. The trial judge in Northampton County found that juvenile had four or more previous adjudications of delinquency and that Level 3 disposition was therefore appropriate. The trial court entered an order accordingly. Juvenile appeals.
Juvenile argues the trial court lacked sufficient evidence to support its finding that juvenile had been adjudicated delinquent on four or more previous occasions.
Prior adjudications of delinquency may be proven by (1) stipulation of the parties; (2) an original or copy of the court record of the prior adjudication; (3) a copy of records maintained by the Division of Criminal Information or by the Department of Juvenile Justice; or by (4) any other method found by the court to be reliable. See N.C. Gen. Stat. § 7B-2507(f) (2005). "The State bears the burden of proving, by a preponderance of the evidence, that a prior adjudication exists and that the juvenile before the court is the same person as the juvenile named in the prior adjudication." Id. Section 7B-2507(f) further provides in pertinent part that:
The original or a copy of the court records or a copy of the records maintained by the Division of Criminal Information or of the Department, bearing the same name as that by which the juvenile is charged, is prima facie evidence that the juvenile named is the same person as the juvenile before the court, and that the facts set out in the record are true. For purposes of this subsection, "a copy" includes a paper writing containing a reproduction of a record maintained electronically on a computer or other data processing equipment, and a document produced by a facsimile machine. The prosecutor shall make all feasible efforts to obtain and present to the court the juvenile's full record. Evidence presented by either party at trial may be utilized to prove prior adjudications.
Id.
Dispositional hearings
may be informal, and the court may consider written reports or other evidence concerning the needs of the juvenile. The court may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition.
N.C. Gen. Stat. § 7B-2501(a) (2005). "`In juvenile proceedings, trial courts may properly consider all written reports and materials submitted in connection with said proceedings.'" In re Ivey, 156 N.C. App. 398, 402, 576 S.E.2d 386, 390 (2003) (quoting In re Shue, 63 N.C. App. 76, 79, 303 S.E.2d 636, 638 (1983), modified and affirmed, 311 N.C. 586, 319 S.E.2d 567 (1984)). Moreover, the trial court may take judicial notice of the juvenile file before it. In re Isenhour, 101 N.C. App. 550, 553, 400 S.E.2d 71, 73 (1991).
In the present case, Clarence High, Jr., Chief Court Counselor for the Department of Juvenile Justice ("Counselor High"), testified on behalf of the State. Counselor High stated that his agency had supervised juvenile since August of 2001 and that:
On July 17th of 2001, [juvenile] was adjudicated delinquent for the offenses of felonious breaking, entering, and larceny in Martin County. He was dispositioned on August 21st of 2001 in Northampton County. On January 31st of 2002, he was adjudicated delinquent for the offense of attempted breaking and entering in Wayne County and was dispositioned in Northampton County on February 19th of 2002. He was adjudicated delinquent on . . . January 16th of 2003 in Onslow County for simple affray. He was dispositioned in Northampton County on August 19th of 2003. On February 12th of 2004, he was adjudicated delinquent in Onslow County for the offense of misdemeanor larceny and was dispositioned in Northampton County on September 21st of 2004. And then, [on the 7th of] December of 2004, he was adjudicated delinquent in Bertie County for the offense of misdemeanor larceny.
Counselor High identified a copy of the predisposition report prepared by his agency, which stated that juvenile had four prior adjudications of delinquency. Based on juvenile's history of delinquency, Counselor High recommended that juvenile be committed to the Department of Juvenile Justice for placement in a Youth Development Center.
Juvenile also testified to the existence of four prior adjudications of delinquency. Specifically, juvenile agreed that he had been adjudicated delinquent: (1) in Martin County in 2001 for felonious breaking and entering; (2) in Wayne County in 2002 for attempted breaking and entering; (3) in Onslow County in 2003 for simple affray; and (4) in February 2004 for misdemeanor larceny.
At the request of the State, the trial court took judicial notice of the contents of juvenile's court file for the purpose of finding the dates of the previous offenses and the adjudications of delinquency against juvenile. Juvenile's court file included copies of three of the four prior orders of adjudication.
We conclude the State presented sufficient evidence of juvenile's four prior adjudications of delinquency. Although the trial court did not have a copy of juvenile's fourth adjudication in the court file, the testimony given by juvenile, along with the testimony by Counselor High and the predisposition report, constituted a "reliable" method of proof of the fourth adjudication pursuant to N.C. Gen. Stat. § 7B-2507(f)(4).
The order of disposition of the trial court is affirmed.
Affirmed.
Judges WYNN and JACKSON concur.
Report per Rule 30(e).