**WATKINS v. WATKINS**

[120 N.C. App. 475 (1995)]

---

KIM WATKINS, PLAINTIFF-APPELLANT v. DAVID WATKINS, DEFENDANT-APPELLEE

No. COA94-1220

(Filed 17 October 1995)

1. **Divorce and Separation § 340 (NCI4th)— child custody— parties ordered to refrain from making negative comments—no error**

Where there were allegations as to what their child was being told by the parties regarding his mother and step-mother, the trial court properly included reciprocal provisions ordering both parties to refrain from making any degrading or negative comments about the other or interfering with the other party's relationship with the child.

**Am Jur 2d, Divorce and Separation §§ 963 et seq.**

2. **Divorce and Separation § 499 (NCI4th)— child custody— jurisdiction relinquished upon insufficient evidence**

Where there is evidence that the parties in a child custody proceeding are uncooperative, as in this case, courts, in determining whether to relinquish jurisdiction to the courts of another state pursuant to the Uniform Child Custody Jurisdiction Act, should look beyond such factors as the child's "home state," particularly in cases with joint custody arrangements such as this; rather, the court should consider the noncustodial parent's ability to take full advantage of custody and visitation privileges, residence of the child's extended family, availability of information with regard to the child in the foreign jurisdiction and in this

---

state, and any other circumstances bearing on the child's best interest. The trial court in this case erred in relinquishing to Texas courts jurisdiction over child custody and visitation issues without first determining, upon sufficient evidence, that it was in the child's best interest to have another state assume jurisdiction. N.C.G.S. § 50A-7.

**Am Jur 2d, Divorce and Separation §§ 963-965, 988, 989, 1004 et seq.**

**Jurisdiction to award custody of child having legal domicil in another state. 4 ALR2d 7.**

**Extraterritorial effect of valid award of custody of child of divorced parents, in absence of substantial change in circumstances. 35 ALR3d 520.**

**What types of proceedings or determinations are governed by the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA). 78 ALR4th 1028.**

Appeal by plaintiff from order entered 28 April 1994 by Judge Andrew R. Dempster in Cumberland County District Court. Heard in the Court of Appeals 29 August 1995.

*Kim U. Kim, plaintiff-appellant, pro se.*

*Hedahl & Radtke, by Joan E. Hedahl, for defendant-appellee.*

WALKER, Judge.

Two issues were presented on appeal to this Court: (1) Did the trial court err by addressing issues concerning the conduct of the parties in the 28 April 1994 Order and (2) Did the trial court properly relinquish jurisdiction over child custody and visitation issues according to the Uniform Child Custody Jurisdiction Act? We affirm the trial court's order concerning the conduct of the parties. However, we reverse and remand this case for further proceedings on the issue of whether jurisdiction should be relinquished.

The parties were awarded joint custody of their minor son, David Young Watkins, born 29 December 1985, in an order entered 1 June 1991 by the Cumberland County District Court. At the time of the original order, both parties resided in North Carolina. In the summer of 1991, the defendant moved to Texas with the child. Due to the

## WATKINS v. WATKINS

[120 N.C. App. 475 (1995)]

change of defendant's residence, the parties agreed to modify the original custody order. These modifications were incorporated in an order which provided that the plaintiff be awarded primary physical custody during two summer months with additional provisions allowing visitation and telephone contact. The defendant was awarded primary physical custody during the balance of the year.

On 30 November 1993, defendant made a motion for child support which the court reserved for later hearing. On 1 March 1994, defendant then moved the court to transfer jurisdiction to Texas, which motion was granted on 28 April 1994. From this order, plaintiff appeals.

[1] Plaintiff argues that the court erred by including provisions in the order which address the conduct of the parties. Specifically, plaintiff objects to the portion of the Order that enjoins plaintiff from "attempting to come between" her son and his "step-mother." Plaintiff argues that no request was made for this relief and that the order constitutes a prior restraint of speech. We reject both arguments.

It is well established that the trial court has broad discretion in matters of child custody and visitation. *Falls v. Falls*, 52 N.C. App. 203, 209, 278 S.E.2d 546, 551, *cert. denied*, 304 N.C. 390, 285 S.E.2d 831 (1981). By statute the court may include provisions beyond mere custody determinations which serve the best interest of the child. N.C. Gen. Stat. 50-13.2(b) (1987) provides "[a]ny order for custody shall include such terms, including visitation, as will best promote the interest and welfare of the child." Provisions directing the parties to cooperate with one another and to refrain from conduct that will be detrimental to the child are commonly included in custody orders.

Here, there were allegations as to what the child was being told by the parties, regarding his "mother" and "step-mother." Therefore, the trial court properly included reciprocal provisions ordering both parties to refrain from making any degrading or negative comments about the other or interfering with the other party's relationship with the child.

[2] The second issue on appeal is whether the trial court properly relinquished jurisdiction over child custody and visitation issues pursuant to the Uniform Child Custody Jurisdiction Act [hereinafter UCCJA]. North Carolina General Statute 50A-7 provides in part:

(a) A court which has jurisdiction under this Chapter to make an initial or modification decree may decline to exercise its jurisdic-

tion any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

(b) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

(c) In determining if it is an inconvenient forum, **the court shall consider if it is in the interest of the child that another state assume jurisdiction**. For this purpose it may take into account the following factors, among others:

> (1) if another state is or recently was the child's home state;

> (2) If another state has a closer connection with the child and the child's family or with the child and one or more of the contestants;

> (3) If substantial evidence relevant to the child's present or future care, protection, training, and personal relationships is more readily available in another state. . . .

N.C. Gen. Stat. 50A-7 (1984) (emphasis added).

In custody matters the best interest of the child is the polar star by which the court must be guided. *In re DiMatteo*, 62 N.C. App. 571, 572, 303 S.E.2d 84, 85 (1983). In exercising jurisdiction over child custody matters, the trial court is required to make specific findings of fact to support its actions. *Brewington v. Serrato*, 77 N.C. App. 726, 729, 336 S.E.2d 444, 447 (1985). In this case, the evidence was insufficient to determine that it was in the child's best interest to have another state assume jurisdiction.

The trial court made the following finding:

> (2) The Defendant is a resident of the State of Texas. Defendant has resided continuously in the state of Texas since approximately June of 1991. The minor child has also resided continuously in the State of Texas since the summer of 1991, with the exception of short periods of time spent with the Plaintiff.

Admittedly, this evidence is relevant in determining the child's home state and whether the child has a closer connection with that state. However, this finding ignores the evidence in the record that plaintiff was unable to take full advantage of her custody and visita-

**WATKINS v. WATKINS**

[120 N.C. App. 475 (1995)]

tion privileges allowed under the Order because of her financial limitations and differences with the defendant over matters involving the child. Further, there is no evidence regarding the residence of the child's "family." The residence of grandparents and other relatives of the child is an important factor under the statute when determining jurisdiction. Such information should have been considered in determining whether it was in the child's best interest to have another state assume jurisdiction.

The court made further findings as to allegations by the plaintiff that defendant has inappropriately disciplined the child, that defendant has a drinking problem, and that the child has seen a counselor in Texas for a stress-related disorder. Defendant alleged that plaintiff was pressuring the child to say he wanted to live with the plaintiff.

Again, although these "findings" may be relevant in determining that some evidence is available in Texas, they are not sufficient to determine that it is in the child's best interest to have another state assume jurisdiction. The court should also consider whether any evidence regarding these allegations would be available in North Carolina and the county where plaintiff resides.

Findings 10 and 11 deal most directly with the issue of jurisdiction. Here the court found:

(9) The Plaintiff has not exercised her time with the minor child in Cumberland County, North Carolina, and no pertinent information concerning the minor child exists in this county.

(10) All relevant information and witnesses pertinent to the minor child, including his school, friends, environment, medical and counseling information, as well as whether or not Defendant has a drinking problem or uses excessive discipline exists in the State of Texas.

At the time of the hearing plaintiff no longer resided in Cumberland County. This explains the absence of information about the child in that county. However, it does not follow that no evidence concerning the child existed in North Carolina or in the county where plaintiff resides. On remand, the court should inquire about any relevant information or witnesses pertinent to the child's present or future care, protection, training, and personal relationships available in this State and the county where plaintiff resides.

The paramount purpose of the UCCJA is to prevent "forum shopping for the convenience of competing parents to the detriment of the real interest of the child." *Holland v. Holland*, 56 N.C. App. 96, 100, 286 S.E.2d 895, 898 (1982). In determining if it is in the child's best interest to relinquish jurisdiction, the UCCJA provides that courts "may take into account the following [enumerated] factors, among others." The plain language of this statute illustrates that the factors enumerated in the UCCJA were intended to provide guidance and were not intended to be exhaustive. Where there is evidence that the parties are uncooperative, as shown by the conduct of the parties in this case, courts should look beyond such factors as the child's "home state," particularly in cases with joint custody arrangements such as this. Therefore, while the UCCJA grants the trial court discretion in relinquishing jurisdiction, such decisions must rest upon careful and deliberate inquiry regarding the totality of the circumstances in each case.

Accordingly, we reverse and remand the case to the Cumberland County District Court with instructions that the case be transferred to the district court in the county where plaintiff resides.Upon remand, the trial court should receive such evidence from the parties so as to enable the court to determine whether it is in the child's best interest to relinquish jurisdiction pursuant to the provisions of the UCCJA.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

Judges COZORT and McGEE concur.